605 N.W.2d 15 (2000)
In re Honerable Harrell D. MILHOUSE, Magistrate of the Sixty-Eighth District Court, Flint, Michigan.
Docket No. 114963.
Supreme Court of Michigan.
February 1, 2000.
On order of the Court, the Judicial Tenure Commission has issued a Decision and Recommendation for Order of Discipline, and The Honorable Harrell D. Milhouse has consented to the Commission's findings of facts, conclusions of law and recommendation of public censure and a ten-day suspension without pay, with credit given for a ten-day unpaid suspension already imposed by the Sixty-Eighth District Court. We therefore ORDER that The Honorable Harrell D. Milhouse be publicly censured, and that he be suspended without pay from the performance of his judicial duties for a period of ten days, with credit given for the ten-day unpaid suspension already served. This order stands as our public censure. Further, we therefore adopt as our own the following findings and conclusions of the Judicial Tenure Commission.
1) Respondent is now, and was at all times mentioned, a Magistrate of the 68th District Court in the City of Flint, County of Genesee, State of Michigan.
2) Roger Dale Collins was charged in said court with three traffic misdemeanors: 96Z00814A, no operator's license in possession; 96Z00814B, driving while license suspended; and 96Z00814C, improper plates.
*16 3) Mr. Collins was subsequently sentenced to incarceration after he pled guilty to a felony driving offense.
4) While Mr. Collins was incarcerated, Respondent sent him a Plea By Mail form pertaining to each of the misdemeanor offenses charged. These standardized forms advised Mr. Collins, among other things, about his right to plead guilty or not guilty, to have a trial by judge or jury, and to have the assistance of an attorney. These forms also allowed Mr. Collins to indicate by a check mark whether he plead guilty or not guilty. As to all three offenses, Mr. Collins indicated he was pleading not guilty and returned the forms to the court.
5) In response, on April 17, 1997, Respondent sent Mr. Collins a letter in which Respondent acknowledged receipt of the Plea By Mail forms as to all three matters in which he had indicated he was pleading not guilty. Respondent's letter advised Mr. Collins that the quickest way to receive credit for time served in jail was to plead guilty and provide a jail release date to the court.
6) On May 9, 1997, Mr. Collins sent a letter to Respondent in reply to Respondent's April 17, 1997 correspondence. In his letter, Mr. Collins rejected the idea of a guilty plea.
7) Respondent received Mr. Collins' May 9, 1997 letter and in response sent another letter to Mr. Collins on May 19, 1997 concerning the three misdemeanor matters. In that letter, Respondent again asserted that the quickest way to receive credit for time served in jail was to plead guilty and give the court a jail release date. Respondent's letter also stated he was enclosing new Plea By Mail forms for Mr. Collins' convenience and advised Mr. Collins that he could hire or request an attorney if he did not wish to plead guilty.
8) In reply to Respondent's letter of May 19, 1997, Mr. Collins reiterated in another letter to Respondent that he was not pleading guilty. Mr. Collins also requested that either an alleged plea agreement to dismiss the three traffic misdemeanors be honored or that arrangements be made for his presence at a hearing on the charges.
9) Notwithstanding Mr. Collins' repeated statements that he was pleading not guilty, Respondent, on July 22, 1997, knowingly executed and caused to be filed in the records of the 68th District Court, a Judgment of Sentence as to each of the three misdemeanor matters, which falsely stated that Mr. Collins had been advised of right to counsel and appointed counsel and had knowingly, intelligently and voluntarily waived that right, and pled guilty to the charged offense. In each matter a fine and costs were suspended; Mr. Collins received credit for time served; and a $25.00 clearance fee was imposed. With respect to 96Z00814A and 96Z00814B, the convictions were reported to the Michigan Secretary of State for inclusion in Mr. Collins' driving record. As a result of these actions, Mr. Collins was denied the opportunity for a hearing and basic due process.
10) Even though the defective Judgment of Sentence in each matter was brought to Respondent's attention, he took no corrective or remedial action.
11) Respondent's conduct, as described in paragraphs 1) through 10) above, constitutes:
(a) Misconduct in office, as defined by the Michigan Constitution of 1963, Art. VI, § 30, as amended, and MCR 9.205;
(b) Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, Art. VI, § 30, as amended, and MCR 9.205;
(c) Irresponsible or improper conduct which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;
(d) Conduct involving impropriety and the appearance of impropriety, contrary to the Code of Judicial Conduct, Canon 2A;

*17 (e) Refusal to be faithful to the law, contrary to the Code of Judicial Conduct, Canon 3A(1);
(f) Creation of a false judicial record; and
(g) Conduct violative of MCR 9.104(1), (2) and (3), in that such conduct:
is prejudicial to the proper administration of justice;
exposes the legal profession or the courts to obloquy, contempt, censure or reproach; and
is contrary to justice, ethics, honesty or good morals.
12) On March 24, 1998, as part of the Commission's preliminary investigation, Respondent was asked to comment on Grievance No. 97-11135, filed by Roger Dale Collins. On April 28, 1998, Respondent submitted a written reply to the grievance. In that reply, Respondent did not make a full and fair disclosure and knowingly made false and misleading statements that he had mistakenly entered the judgments and closed the files and that it was not his intent to falsify documents or deprive Mr. Collins of his right to due process.
13) On June 24, 1998, the Commission sent Respondent a 28-day letter, pursuant to MCR 9.207(C), and invited his further reply. In Respondent's reply of August 4, 1998, he did not make a full and fair disclosure and knowingly made false and misleading statements that he had mistakenly closed the files and he had not intended to knowingly and purposely deprive Mr. Collins of his due process rights. Respondent described the processing of Mr. Collins' files as a mistake.
14) Respondent's conduct, as described in paragraphs 12) and 13) constitutes:
(a) Misconduct in office, as defined by the Michigan Constitution of 1963, Art. VI, § 30, as amended, and MCR 9.205;
(b) Conduct clearly prejudicial to the administration of justice, as defined by the Michigan Constitution of 1963, Art. VI, § 30, as amended, and MCR 9.205;
(c) Irresponsible or improper conduct which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;
(d) Conduct involving impropriety and the appearance of impropriety, contrary to the Code of Judicial Conduct, Canon 2A;
(e) Failure to cooperate with the Commission during a preliminary investigation, contrary to MCR 9.213(B); and
(f) Conduct violative of relevant portions of MCR 9.104(1), (2) and (3), in that such conduct:
is prejudicial to the proper administration of justice;
exposes the legal profession or the courts to obloquy, contempt, censure or reproach; and
is contrary to justice, ethics, honesty or good morals.
(15) Prior to the filing of Formal Complaint No. 63, Respondent had not been charged with misconduct in office or conduct clearly prejudicial to the administration of justice.
(16) After these formal complaint proceedings commenced, Respondent was suspended without pay from the performance of his judicial duties by the 68th District Court for a period of 10 days.